Priscilla M. VASCONCELOS,
Plaintiff–Appellant,

v.

Edwin MEESE, III, Attorney General;
U.S. Department of Justice,
Defendants–Appellees.

No. 88–5884.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 1990 *.

Decided July 6, 1990.

Mary Dryovage, San Francisco, Cal., for plaintiff-appellant.

Stan Blumenfeld, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before WALLACE, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Priscilla M. Vasconcelos, a female Hispanic who had been employed in the U.S. Marshal's Service by the Department of Justice, filed an Equal Employment Opportunity ("EEOC") complaint in which she charged the Marshal's Service with sexual harassment. She lodged a similar complaint with the Marshal's Service's Internal Affairs Office. She later raised retaliation as an issue. Her EEOC complaint was not resolved within 180 days of filing. During an Internal Affairs investigation conducted by the Marshal's Service as a result of the sexual harassment charges, Vasconcelos lied. She was subsequently fired. She then filed a Merit Systems Protection Board appeal. The Board upheld her termination. Thereafter she filed this Title VII action in the district court. Following a bench trial, the district court entered judgment for the defendants.

In this appeal, Vasconcelos challenges the district court's findings of fact as being clearly erroneous, and she argues the court erred in its conclusions of law. She also argues that the defendants failed to establish that her gender was not a motivating factor in her termination, and that we should remand this case to the district court for further proceedings in accordance with *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). Vasconcelos contends further that her termination violated Title VII because she was fired for lying during an investigation prompted by her sexual harassment charges, and, she contends, her statements in that investigation even if untrue are privileged under 42 U.S.C. § 2000e–3.

We have jurisdiction under 42 U.S.C. § 2000e–5(j) and 28 U.S.C. § 1291. We affirm.

## ANALYSIS

A. *Factual Findings*

We must accept the district court's findings of fact unless they are clearly erroneous. *Kruso v. International Tel. & Tel.*

*Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *see United States v. Silverman,* 861 F.2d 571, 576–77 (9th Cir. 1988).

■■■ Here, the district court found that Vasconcelos and Inspector Larry Homenick of the Marshal's Office had some drinks together at a bar and then engaged in kissing and petting in the parking lot outside the bar. It was this incident, coupled with what Vasconcelos alleged was a sexually hostile work environment at the Marshal's office, that prompted her to file her complaints with the EEOC and the Marshal's Service Internal Affairs Office.

The district court found that Vasconcelos had invited Inspector Homenick's sexual advances, and that she had been a voluntary participant. The district court also found that the environment at the Marshal's Service where Vasconcelos worked was not a sexually hostile one for her.

The district court found that during a 1982 Internal Affairs investigation by the Marshal's Service (the "first investigation"), Vasconcelos lied about the incident with Inspector Homenick. Proof that Vasconcelos lied during this investigation came to light during a subsequent Department of Justice EEOC investigation conducted in 1983. Vasconcelos was fired May 25, 1984.

We have carefully examined the record in this case. We are not left with a definite and firm conviction that the district court made a mistake in its findings. Accordingly, the findings are not clearly erroneous. *See id.* Based on these findings, the district court did not err in concluding that the Marshal's Service had a legitimate, nondiscriminatory reason for terminating Vasconcelos, and that her termination was not in retaliation for the charges of sexual harassment she had made.

Only two of Vasconcelos' remaining arguments merit analysis. We now consider them.

## B. *Price Waterhouse v. Hopkins*

■ Vasconcelos argues that *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), decided after judgment was entered in this case, requires a remand to the district court. Vasconcelos contends that remand is necessary to permit the district court to determine whether her gender played a motivating part in the decision to fire her, and whether the defendants proved by a preponderance of the evidence that this same decision would have been made even if her gender had not been taken into account.

Vasconcelos' argument ignores the fact that the district court found that gender played absolutely no role in her termination. The district court found Vasconcelos was fired because she lied about a material fact in connection with the 1982 official Internal Affairs investigation. *Price Waterhouse* held that when a plaintiff in a Title VII case proves that her gender played a motivating part in the adverse employment decision, *then* to avoid liability the employer must show that it would have made the same employment decision even if it had not taken the plaintiff's gender into account. *Id.*, 109 S.Ct. at 1795. *See also Waltman v. International Paper Co.*, 875 F.2d 468, 481 (5th Cir.1989) (explaining this application of *Price Waterhouse*). Here, Vasconcelos did not make the threshold showing required by *Price Waterhouse*.

## C. *Retaliation*

■ 42 U.S.C. § 2000e–3 prohibits an employer from discriminating against an employee "because [she] has ... made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Vasconcelos argues her termination for ly-

ing during the Internal Affairs investigation violates Title VII, because statements made by her during that investigation, whether truthful or not, are protected by section 2000e–3 and cannot be used as a basis to fire her.

■ We reject Vasconcelos' argument in the context of this case. Section 2000e–3 is inapplicable. Vasconcelos was fired for lying during the Marshal's Service's 1982 Internal Affairs investigation, not for lying in any *EEOC* investigation. The purpose of section 2000e–3's participation clause "is to protect the employee who utilizes the tools provided by Congress to protect his rights." *Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir.1978); *see also Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989) (purpose of statute is to protect access to machinery under Title VII). Indeed, the statutory language specifically limits the participation clause of section 2000e–3 to proceedings "under this subchapter." 42 U.S.C. § 2000e–3. Accusations made in the context of charges before the Commission are protected by statute; charges made outside of that context are made at the accuser's peril.[1] *See Jawa v. Fayetteville State Univ.*, 426 F.Supp. 218, 230 (E.D.N.C.1976), *aff'd*, 584 F.2d 976 (4th Cir.1978), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1541, 59 L.Ed.2d 792 (1979).

## D. *Frivolous Appeal*

We have discretion to award damages, attorney fees, and single or double costs for bringing a frivolous appeal. Fed.R. App.P. 38; 28 U.S.C. § 1912; *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989). We decline to award such damages as plaintiff's arguments were not wholly without merit. *See McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir.1981).

AFFIRMED.

---

1. We express no opinion as to whether the participation clause of section 2000e–3 grants a privilege to lie during an EEOC investigation. *See Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998 (5th Cir.1969); *Blizzard v. Newport News Redevelopment & Housing Authority*, 670 F.Supp. 1337, 1344 (E.D.Va.1984).