945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BHANUPRSAD JOSHI, Plaintiff-Appellant,
v.
LOCKHEED ENGINEERING, and Management Service Company, Inc.,
Defendant-Appellee.
 No. 90-16039.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 9, 1991.
Decided Oct. 3, 1991.
 
 1
 Before CANBY and KOZINSKI, Circuit Judges and NIELSEN* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Bhanuprsad Joshi appeals a judgment for defendant Lockheed Engineering and Management Services Company, Inc., following a bench trial. Joshi contends that Lockheed discharged him in retaliation for filing a complaint with the Equal Employment Opportunity Commission. The case was fully tried, however, and there was conflicting evidence concerning the grounds for Joshi's discharge. The witnesses for Lockheed uniformly testified that Joshi's work and employee relations were substandard and that these problems were the grounds for his discharge. Although Lockheed's manager Joe Donaldson did state in a letter that Joshi would not have been discharged if he had accepted his settlement agreement, two witnesses testified to the contrary. Both stated that Joshi was fired because of his work performance and employee relations, and that Lockheed would have fired him regardless of the settlement agreement. On this entire record, we cannot conclude that the district court clearly erred in its factual findings. See Vasconcelos v. Meese, 907 F.2d 111, 112 (9th Cir.1990) (citing Kruso v. ITT Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217 (1990)).
 
 
 4
 Joshi also contends that the district court erred in dismissing his claims for compensatory damages. He concedes general compensatory damages are not available under Title VII, see Padway v. Palches, 665 F.2d 965, 968 (9th Cir.1982), but argues that the court could have awarded such damages under his pendent state law claims. We need not decide this issue because the district court's finding that Lockheed did not engage in discriminatory employment practices would be fatal to Joshi's damages claim in any event.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable William Fremming Nielsen, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3