988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Damyanti KISANEE, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary of the Navy, Defendant-Appellee.
 No. 92-15143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 26, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-89-1617-VRW; Vaughn R. Walker, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Damyanti Kisanee appeals pro se the district court's judgment, following a bench trial, in favor of the Secretary of the Navy in her employment discrimination action under Title VII of the 1964 Civil Rights Act (42 U.S.C. §§ 2000(e)-5(a) and (e)-5(e)). Kisanee alleged that her termination by the Naval Drug Screening Laboratory (NDSL) and the NDSL's failure to promote her reflected discrimination based on her religion or national origin. The district court concluded that the appellee had shown a nondiscriminatory reason for appellant's treatment, which appellant failed to show was pretextual. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the judgment.
 
 
 3
 The plaintiff in a Title VII action bears the initial burden of establishing a prima facie case of employment discrimination. McDonnel Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Once a prima facie case is established, the burden shifts to the defendant to articulate legitimate reasons for its action and to produce evidence "which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 257 (1981). "[S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination." Id., 450 U.S. at 248. "We must accept the district court's findings of fact unless they are clearly erroneous." Vasconcelos v. Meese, 907 F.2d 111, 112 (9th Cir.1990) (citation omitted).
 
 
 4
 Evidence adduced at a hearing where Kisanee was represented by court-appointed counsel established the following. The NDSL hired Kisanee as a chemist on April 13, 1986. She was a career conditional employee required to serve a one year probationary period before advancing to permanent status. Kisanee resigned from her job on April 6, 1987, one week before her probationary period was due to expire. She had been told her employment would be terminated on April 10, 1987 because of poor work performance.
 
 
 5
 According to the NDSL's published performance standards, four errors charged to a non-probationary employee within a three month period constituted unsatisfactory performance. Errors were attributed to an employee only after a complete investigation to rule out non-human factors such as equipment failure. Although errors could not be traced with 100% accuracy, the NDSL did not make formal charges unless an error had been directly traced to a particular employee, and all employees were held to the same standard of certainty. Kisanee was familiar with these standards.
 
 
 6
 Between October 20 and December 8, 1986, four errors were traced to Kisanee. In each instance, supervisors discussed the error with her, and in at least two cases, Kisanee admitted that she had rushed through her work, or could not remember completing certain required steps.
 
 
 7
 In February 1987, Kisanee was transferred to another department with a less rigorous assignment. Although no further errors were formally attributed to her, a substantial amount of her work had to be redone. Kisanee applied for a promotion but her application was returned to her because it omitted critical information.
 
 
 8
 Kisanee's fellow employees made jokes and derogatory comments about her national origin and her religion, but they stopped for several weeks after she reported them to her supervisors. Kisanee's supervisors did not deride her race, religion or national origin. Chemists outside Kisanee's religious affiliation and national origin were retained or promoted even though they made errors.
 
 
 9
 Mr. Xenakis, the Director of NDSL, testified that Kisanee's employment was terminated because her work did not improve after the four errors were assessed against her. In contrast, other employees' work did improve before they were retained or promoted.
 
 
 10
 Kisanee offered no evidence in rebuttal. Instead, she argued only what the defendant conceded, that some of the errors attributed to her were not traced with 100% accuracy. She did not establish, however, that her work was scrutinized more closely than that of other employees. In light of this evidence, the district court concluded that the NDSL's action was performance-related, and, therefore, legal. We discern no clear error in this conclusion. See Vasconcelos, 907 F.2d at 112.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3