141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John A. FUTORAN, Plaintiff-Appellant,
v.
John J. DALTON, Secretary, United States Navy, Defendant-Appellee.
 No. 96-56637.
D.C. No. CV 95-07749 SVW.
 United States Court of Appeals,
Ninth Circuit.
 Submitted February 5, 1998.**
Decided March 31, 1998.
 
 Appeal from the United States District Court for the Central District of California, Stephen V. Wilson, District Judge, Presiding.
 Before PREGERSON, BEEZER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John A. Futoran appeals the district court's grant of defendant's motion for summary judgment. Futoran argues that the grant of summary judgment was improper because Futoran's participation in a governmental investigation of sexual harassment warranted protection under the anti-retaliation provision of Title VII, section 704(a), 42 U.S.C. § 2000e-3. We have jurisdiction. 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, see Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997), and we affirm.
 
 
 3
 * Futoran was a civilian employee of the Navy, working in the Executive Director's Office of the Naval Air Weapons Station ("NAWS") at Pt. Mugu, California. Responding to an anonymous complaint in August 1992, the Navy conducted an internal investigation of sexual harassment in the Public Affairs Office of NAWS. Navy investigators interviewed Futoran because they believed that Futoran had information relevant to the sexual harassment investigation. Futoran claims that following this interview he was subjected to hostility in the workplace, increased surveillance, interference with his work assignments and insults to his personal and professional reputation.
 
 
 4
 After exhausting the Navy's administrative complaints process, Futoran filed suit in district court claiming that he was the victim of retaliation and discrimination based on gender and perceived mental handicap. The district court granted the Navy's motion for summary judgment. Futoran timely appealed, but challenged only the district court's ruling with respect to his retaliation claim.
 
 II
 
 5
 On a motion for summary judgment, a plaintiff may establish a prima facie case of retaliation by demonstrating that (1) he engaged in a protected activity under Title VII; (2) his employer subjected him to an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987). The district court determined that Futoran's participation in the Navy's internal investigation of sexual harassment did not constitute protected activity under section 704(a) of Title VII. See Vasconcelos v. Meese, 907 F.2d 111, 113 (9th Cir.1990). We affirm on an alternate ground. See Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir.1993).
 
 
 6
 Futoran failed to demonstrate a causal connection between his participation in the Navy's investigation of sexual harassment and any adverse employment action. To demonstrate a causal link, Futoran bore the burden of presenting "evidence sufficient to raise the inference that (the) protected activity was the likely reason for the adverse action." Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982). He has failed to do so. Futoran's evidence of a causal connection consists of "mere allegation and speculation." See Nelson v. Pima Community College, 83 F.3d 1075, 1081 (9th Cir.1996). It is insufficient to establish a prima facie case of retaliation. The judgment of the district court is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3