**Julie GREISEN, Plaintiff—Appellant,**

v.

**CITY OF NORTH LAS VEGAS, Defendant—Appellee.**

**No. 05–17165.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007.*

Filed Oct. 19, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Richard Segerblom, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Carie A. Torrence, City of North Las Vegas, Chris Davis, Esq., North Las Vegas City Attorneys Office, N. Las Vegas, NV, for Defendant–Appellee.

Before: BEEZER, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Plaintiff Julie Greisen appeals from a summary judgment in favor of Defendant City of North Las Vegas in this Title VII action. We review de novo, *Qwest Commc'ns Inc. v. City of Berkeley,* 433 F.3d 1253, 1256 (9th Cir.2006), and affirm.

Plaintiff alleges that Defendant fired her in retaliation for her support of Sanchez. She was interviewed informally by Tarwater shortly after Sanchez filed an internal complaint of harassment, but Plaintiff had no further involvement in Sanchez' case.

■ To the extent that Plaintiff bases her claim on the participation clause of 42 U.S.C. § 2000e–3(a), her argument is foreclosed by *Vasconcelos v. Meese,* 907 F.2d 111, 113 (9th Cir.1990) (holding that the participation clause of § 2000e–3 applies only to EEOC proceedings). Plaintiff did not participate in any proceedings concerning Sanchez' formal EEOC complaint.

■ With respect to the opposition clause of 42 U.S.C. § 2000e–3(a), the record discloses no material issue of fact that would demonstrate a causal link between her activities—which we assume for the purpose of our decision were protected activities under the statute—and her termination. *See Hardage v. CBS Broad. Inc.,* 427 F.3d 1177, 1188 (9th Cir.2005)

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(describing the elements of a retaliation claim), *amended by* 433 F.3d 672 (9th Cir.), and 436 F.3d 1050 (9th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 55, 166 L.Ed.2d 22 (2006). Plaintiff does not dispute that she committed nineteen work-related errors, documented by Defendant during three disciplinary hearings. She does not dispute that those errors were sufficient to justify termination. The record does not contain evidence of pretext sufficient to survive summary judgment. A neutral arbitrator ruled, after a hearing, that retaliation played no role in Plaintiff's termination. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 60, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) (holding that an arbitral decision is admissible and may be accorded appropriate weight in a Title VII case). Consistent complaints about Plaintiff's work performance began before and continued after she was interviewed about Sanchez' situation. Neither Sanchez nor an employee who supported him with formal testimony was fired or disciplined. None of the facts to which Plaintiff points is sufficient to permit a reasonable inference of causation or pretext.

**AFFIRMED.**

