**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALISHA R. SILBAUGH, an individual, | No. 21-35694 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01759-RSM |
| v. | |
| PETE BUTTIGIEG, Secretary of the Department of Transportation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted May 19, 2022[**]
Seattle, Washington

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.

Alisha Silbaugh appeals the district court's grant of summary judgment in

favor of the U.S. Department of Transportation (DOT) on retaliation claims that

she brought under Title VII and the Rehabilitation Act. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291, and we affirm.

1. Because Silbaugh has not demonstrated that an activity protected under Title VII or the Rehabilitation Act served as the motivation for her termination, the district court correctly determined that Silbaugh failed to establish a prima facie case of retaliation. *See* 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 794(d) (Rehabilitation Act incorporating ADA's prohibition against retaliation). "[R]etaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013) (citation omitted). The FAA has consistently maintained that Silbaugh's lack of candor was the sole reason for Silbaugh's termination. Silbaugh's proposed termination letter is insufficient to establish that her termination was driven by a desire to retaliate for the filing of her equal employment opportunity (EEO) complaint or her participation in the EEO process.

2. Neither Title VII's participation clause nor the Rehabilitation Act protect lying during the course of an employer's internal investigation. *See Vasconcelos v. Meese*, 907 F.2d 111, 113 (9th Cir. 1990). The parties do not dispute that Silbaugh lied about the nature of her relationship and interactions with coworker Kern during the course of the FAA's internal investigation, so *Vasconcelos* controls.

**AFFIRMED**.

2