**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mike J. UZELAC, Defendant–Appellant.**

**No. 89–10558.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 1990.

Decided Dec. 10, 1990.

Karen C. Winckler, Wright & Winckler, Las Vegas, Nev., for defendant-appellant.

J. Gregory Damm, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before BROWNING, PREGERSON and TROTT, Circuit Judges.

PER CURIAM:

Mike J. Uzelac was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals the district court's refusal to grant a sentence reduction, arguing he is entitled to a downward adjustment because he possessed the firearm for sporting or collection purposes. We affirm.

I

On April 3, 1989, federal agents searched Uzelac's residence pursuant to a search warrant, approximately three weeks after he was released from prison. Uzelac lived

in a mobile home with his common-law wife, Henny Bernier. The agents seized three guns, including a loaded shotgun mounted on a display rack in the hallway of the mobile home.

One of the agents testified that the shotgun was "rare," a "unique weapon." Bernier testified at trial that she owned the shotgun and the other two guns. She had purchased the shotgun fourteen years earlier and considered it to be hers. In spite of this testimony, Uzelac was convicted of possessing the shotgun, apparently on a constructive possession theory. He was acquitted of possessing the two handguns.

During the sentencing hearing, Uzelac argued he had only constructive possession of the shotgun, because he did not own it and was neither using nor intending to use it. Uzelac also argued that any future use of the shotgun would be solely for sporting or collecting purposes. Because any intended future use would be solely recreational, Uzelac argued he was entitled to a reduction under section 2K2.1(b)(2) of the Sentencing Guidelines.

> If the defendant obtained or possessed the firearm solely for sport or recreation, decrease [the base offense level] by 4 levels.[1]

U.S.S.G. § 2K2.1(b)(2) (1987).

The district court found it inconsistent that Uzelac argued both that he did not intend to use the shotgun, and that he deserved a sentence reduction for intended recreational use. The court found no evidence to support the defense theory that while Uzelac had no present intent to use the shotgun, if he did form a *future* intent to use the shotgun, he would only use it for recreational or collecting purposes. The district court denied the reduction under section 2K2.1(b)(2) and sentenced Uzelac to 12 months in custody.[2]

## II

We review de novo application of the Sentencing Guidelines. *United States v. Bos*, 917 F.2d 1178, 1180 (9th Cir.1990); *United States v. Howard*, 894 F.2d 1085, 1087 (9th Cir.1990). The district court's determination that the defendant did not possess the firearm solely for sporting purposes is a factual finding we review for clear error. *United States v. Dinges*, 917 F.2d 1133, 1135–36 (8th Cir.1990); *United States v. Wilson*, 878 F.2d 921, 922 (6th Cir.1989); *cf. Howard*, 894 F.2d at 1087 (factual findings under the Guidelines reviewed for clear error).

## III

A defendant who seeks a downward adjustment in his base offense level under section 2K2.1(b)(2) bears the burden of proving, by a preponderance of the evidence, that he is entitled to the reduction. *See United States v. Kirk*, 894 F.2d 1162, 1164 (10th Cir.1990) (applying section 2K2.1(b)(1) of 1990 Guidelines); *see also Dinges*, 917 F.2d at 1135 (same); *cf. Howard*, 894 F.2d at 1089 (party seeking to adjust offense level bears burden of meeting preponderance of the evidence standard). The district court found Uzelac had not proved by a preponderance of the evidence that he planned to use the shotgun for a purpose permitted under section 2K2.1(b)(2), reasoning that "we don't then draw the conclusion from [the absence of intended illegal use] that he somehow planned to use it, if at all, for sporting or recreational purposes."

---

**1.** We quote the 1987 Sentencing Guidelines, in effect at the time that Uzelac was convicted. Both parties agreed during the sentencing hearing the 1987 Guidelines should be applied, even though new Guidelines were in effect at the time Uzelac was sentenced. We note that the result would be the same under the current Guidelines. Section 2K2.1(b)(2) of the 1987 Guidelines is now 2K2.1(b)(1), as follows: "If the defendant obtained or possessed the firearm or ammunition, other than a firearm covered in 26 U.S.C. § 5845(a), solely for lawful sporting purposes or collection, decrease the offense level determined above to level 6." U.S.S.G. 2K2.1(b)(1) (1990).

**2.** The district court did grant the requested 2 point reduction for acceptance of responsibility. The base offense level of 9 was reduced to 7, which has a guideline sentencing range of 8–14 months, given Uzelac's criminal history category of IV.

We review this determination for clear error. The district court's finding will stand unless, after viewing the entire evidence before the district court, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Vasconcelos v. Meese*, 907 F.2d 111, 112 (9th Cir.1990). Uzelac told the arresting officers that he had not possessed the shotgun since being released from prison. Although he also told the officers he would eventually have fired it during hunting season, he could not prove he had ever owned a hunting license. The shotgun was kept fully loaded while it was on the display rack, a condition perhaps more consistent with use for personal protection than use as a hunting weapon. In view of these facts, the district court's holding that Uzelac did not possess the shotgun solely for sporting or collection purposes was not clearly erroneous.[3]

Uzelac argues on appeal that the district court's finding was incorrect because there was no evidence the shotgun would be used for anything *other* than sporting or recreational purposes. This misapprehends the allocation of the burden of proof. The government need not prove that Uzelac had an impermissible actual or intended use; Uzelac must convince the court, by a preponderance of the evidence, that the actual or intended use was solely for sporting or recreational purposes. He did not meet that burden. Accordingly, we accept the district court's finding that Uzelac failed to make the affirmative showing required for a sentence reduction under section 2K2.-1(b)(2).

AFFIRMED.

---

**3.** We have found no case in which an appellate court reversed the district court's refusal to grant a sentence reduction on this basis. *See, e.g., United States v. Dinges,* 917 F.2d 1133, 1135–36 (8th Cir.1990); *United States v. Kirk,* 894 F.2d 1162 (10th Cir.1990); *United States v. Smeathers,* 884 F.2d 363 (8th Cir.1989); *United States v. Wilson,* 878 F.2d 921 (6th Cir.1989).