949 F.2d 398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
John M. DAVIS, Defendant/Appellant.
 No. 90-3385.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Dec. 3, 1991.
 
 Before WOOD, JR. and FLAUM, Circuit Judges., and PELL, Senior Circuit Judge.
 
 ORDER
 I.
 
 1
 On February 14, 1990, Davis escaped from a federal prison farm in Terre Haute, Indiana. The police apprehended Davis fourteen days later while he was driving with a friend in Illinois. A search incident to his arrest revealed a .45 caliber semi-automatic pistol refitted with a .22 caliber barrel. The gun's safety grip was deactivated and its thumb safety was removed. Additionally, the gun's barrel was modified to contain internal threads capable of accommodating a silencer.
 
 
 2
 After Davis pleaded guilty to possession of a firearm while a convicted felon, 18 U.S.C. § 922(g), the district court conducted a sentencing hearing. During the sentencing hearing, Davis sought a two-point reduction in his offense level under United States Sentencing Guideline (the Guideline) section 3E1.1 for acceptance of responsibility, which the district court granted. Davis also argued that Guideline section 2K2.1(b)(1) entitled him to a reduction of his base offense level by six because he possessed the gun solely for sporting purposes. After hearing testimony, the district court concluded that Davis did not possess the gun solely for sporting purposes and denied his request for a six-point reduction of the offense level. Davis appeals the district court's refusal to reduce his base offense level under Guideline section 2K2.1(b)(1).
 
 II.
 
 3
 Guideline section 2K2.1(b)(1) authorizes a six-level decrease in the offense level if the defendant possessed the weapon "solely for lawful sporting purposes or collection...." The background commentary to section 2K2.1 indicates that the district court should consider the surrounding circumstances such as the type of gun possessed, "the location and circumstances of possession, the nature of the defendant's criminal history (e.g., whether involving firearms), and the extent to which possession was restricted by local law" in determining the defendant's reason for possessing the firearm.
 
 
 4
 The district court's determination that Davis did not possess the gun solely for sporting reasons is a factual finding. United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990). As such, we may reverse this determination only if it is clearly erroneous. United States v. Ramos, 932 F.2d 611 (7th Cir.1991). "A finding of fact is clearly erroneous only if, after reviewing all the evidence, the appellate court is left 'with the definite and firm conviction that a mistake has been committed.' " United States v. Brown, 900 F.2d 1098, 1100 (7th Cir.1990) ( quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).
 
 
 5
 On appeal, Davis argues that the district court's finding was clearly erroneous because there was no evidence that he possessed the shotgun for anything other than sporting purposes. In support of his claim, he notes that he did not struggle with the police officer when he was arrested and that the gun was unloaded at the time of his apprehension. Davis also points to his testimony that he used the unloaded gun for "plinking," which he described as informal target practice at paper targets, bottles, or cans. Both Davis and a defense witness testified that Davis had threaded the gun's barrel and removed its safety mechanisms for competition purposes. Davis testified that he did not thread the barrel to attach a silencer, but rather to attach a muzzle weight to control the recoil. Davis also called witnesses who testified that he was an expert marksman and that he had participated in marksman competitions since 1976.
 
 
 6
 Although the district court found that Davis was an "avid gun sportsman," it also considered him to be an "avid gun nut." After hearing the testimony, the district court concluded that Davis did not possess the weapon for sportsmanship purposes. It reasoned, that the gun was a .22 caliber pistol with the ability to accommodate a silencer, rather than a firearm more closely associated with sportsmanship, such as a rifle or a shotgun. Further, in denying the reduction, the court took into account Davis' escaped felon status and his lengthy criminal history, which involved five separate convictions for firearms violations.
 
 
 7
 "A fact-finders's choice between two permissible views of the evidence cannot be clearly erroneous." United States v. Ramos, 932 F.2d 611, 619 (7th Cir.1991). Davis' presentation of one of these permissible views does not sustain his burden of demonstrating that a " 'mistake has been committed' " Id. (citation omitted). Our review of the record reveals that the district court's determination that Davis did not possess the weapon for sporting purposes is supported by sufficient evidence.
 
 III.
 
 8
 For the above reasons, John M. Davis' conviction is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs