963 F.2d 383
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Olvera CHAPA, Defendant-Appellant.
 No. 91-6264.
 United States Court of Appeals, Tenth Circuit.
 May 22, 1992.
 
 Before LOGAN, SEYMOUR and JOHN P. MOORE, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Samuel O. Chapa appeals from his sentence imposed following a guilty plea to possessing a firearm after conviction of a crime that carried more than one year imprisonment, in violation of 18 U.S.C. § 922(g). The only issue on appeal is whether the district court erred in failing to reduce the base offense level pursuant to U.S.S.G. § 2K2.1(b)(1), which would provide for a decreased offense level if defendant possessed the gun for lawful hunting purposes.[1]
 
 
 3
 Defendant bore the burden of showing by a preponderance of the evidence that he was entitled to a reduction. United States v. Kirk, 894 F.2d 1162, 1164 (10th Cir.1990). The firearm involved was a shotgun that defendant contended he possessed solely for hunting purposes. The district court did not accept defendant's version of the facts. "We review the district court's findings of fact which support its application of the Guidelines under the clearly erroneous standard." United States v. Reid, 911 F.2d 1456, 1461 (10th Cir., 1990), cert. denied, 111 S.Ct. 990 (1991). Our review of the record demonstrates no clear error in the district court's determination. The Commentary and Application Note concerning U.S.S.G. § 2K2.1(b)(1) provided:
 
 
 4
 Under § 2K2.1(b)(1), intended lawful use, as determined by the surrounding circumstances, provides a decrease in the offense level. Relevant circumstances include, among others, the number and type of firearms (sawed-off shotguns, for example, have few legitimate uses) and ammunition, the location and circumstances of possession, the nature of the defendant's criminal history (e.g., whether involving firearms), and the extent to which possession was restricted by local law.
 
 
 5
 U.S.S.G. § 2K2.1(b)(1), comment. (n. 2).
 
 
 6
 The circumstances surrounding defendant's possession of the shotgun support the district court's finding that defendant was not entitled to a reduction in his base offense level. The weapon was found fully loaded in defendant's home. The probation officers making the search found no other hunting equipment and defendant did not possess a valid hunting license. On similar facts the Ninth Circuit held that the sentencing court did not err in denying a reduction of the base offense level. See United States v. Uzelac, 921 F.2d 204 (9th Cir.1990) (defendant possessed loaded shotgun and could not show he ever had a hunting license); see also United States v. Dinges, 917 F.2d 1133, 1135-36 (8th Cir.1990) (defendant possessed loaded shotgun, numerous other weapons, and ammunition). In the case before us the officers also found additional ammunition, not only for the shotgun but for .38 and .22 caliber guns, and the officers seized from defendant a .38 caliber handgun that defendant asserted he had taken from his son the night before. Furthermore, the court was entitled to take into account defendant's criminal history, which included a prior conviction in 1987 of feloniously carrying a firearm, and his use of a firearm in a murder in 1976. We find no error.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 1 U.S.S.G. § 2K2.1(b)(1) in effect at the time of defendant's sentencing provided: "If the defendant obtained or possessed the firearm or ammunition, other than a firearm covered in 26 U.S.C. § 5845(a), solely for lawful sporting purposes or collection, decrease the offense level determined above to level 6."