977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark V. WHITE, Defendant-Appellant.
 No. 92-5236.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1992.
 
 1
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Mark V. White, a federal prisoner, appeals the sentence imposed by the district court following his conviction on one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Furthermore, both parties have waived oral argument in this appeal.
 
 
 3
 White, who had previously been convicted of state felony larceny charges, pleaded guilty to the charge described above, pursuant to a Rule 11 plea agreement. The federal charge was brought after White was cited by Tennessee Wildlife Resources Agency officers for spotlighting deer from a vehicle in an open field, an activity which is illegal in that state. See Tenn.Code Ann. § 70-4-110. He was subsequently convicted of the state charge. At the time of that offense, White admitted owning a loaded Marlin .22-caliber rifle and 58 rounds of ammunition present and visible in the vehicle.
 
 
 4
 The district court sentenced White on January 31, 1992, to 26 months imprisonment and 3 years supervised release. This sentence reflected a total offense level of 10, calculated from a base offense level of 12, pursuant to U.S.S.G. § 2K2.1(a)(2), with a 2-level reduction for acceptance of responsibility. The district court rejected White's argument at sentencing that his base offense level should have been 6, pursuant to § 2K2.1(b)(1). That subsection provides for a reduced offense level if the firearm was possessed "solely for lawful sporting purposes."
 
 
 5
 On appeal, White continues to argue that his base offense level was erroneously calculated.
 
 
 6
 Upon review, we affirm the district court's judgment because its finding that White did not possess the rifle solely for lawful sporting purposes is not clearly erroneous. See United States v. Cousens, 942 F.2d 800, 802 (1st Cir.1991); United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990) (per curiam).
 
 
 7
 Accordingly, the district court's judgment, entered January 31, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation