993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bonifacio TAVIRA-HERNANDEZ, Defendant-Appellant.
 No. 92-50578.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1993.
Decided May 21, 1993.
 
 Before FARRIS, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant challenges his sentence under the Guidelines for transportation of illegal aliens. See 8 U.S.C. § 1324(a)(1)(B). The district court sentenced him to 21 months' imprisonment, based on a criminal history category of II, a base offense level of nine, and several adjustments. We vacate Tavira-Hernandez's sentence and remand on the ground that the district court improperly increased the offense level by two points for property damage.
 
 
 3
 The district court three times adjusted appellant's offense level upward, awarding a two-point enhancement for reckless endangerment during flight, U.S.S.G. § 3C1.2, a two-point departure for property damage, § 5K2.5, and an additional two-point departure for aggravating circumstances of a degree or kind not taken into account in the guidelines, § 5K2.0. Tavira-Hernandez challenges this series of upward adjustments on two grounds: that the departure for aggravating circumstances was an unwarranted duplication of the penalty for reckless endangerment during flight, and that the departure for property damage was excessive. We review the district court's application of the guidelines de novo, and its factual findings for clear error. United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990).
 
 
 4
 Appellant's challenge to the departure for aggravating circumstances is unavailing. In United States v. Hernandez-Rodriguez, 975 F.2d 622, 626 (9th Cir.1992), we held that a departure for reckless endangerment during flight under section 3C1.2 did not preclude an additional departure for endangering illegal alien passengers. We said that section 3C1.2 does not "adequately take[ ] into account the particular danger imposed by the alien transporter upon his captive passengers." Id. Departure under section 5K2.0 is thus warranted.
 
 
 5
 Appellant's challenge to the two-point departure for property damage is more persuasive. Guideline section 5K2.5 provides for an upward departure for property damage "not taken into account within the guidelines." It specifies that
 
 
 6
 the extent of the increase ordinarily should depend on the extent to which the harm was intended or knowingly risked and on the extent to which the harm to property is more serious than other harm caused or risked by the conduct relevant to the offense of conviction.
 
 
 7
 U.S.S.G. § 5K2.5 (emphasis added). Tavira-Hernandez caused $1500-$2000 worth of property damage when he abandoned the van he was driving without putting it into "park," so that the van rolled into a nearby garage. The district court did not undertake an analysis using the two criteria identified in Section 5K2.5. Instead, it drew an analogy to U.S.S.G. § 2B1.2(b)(1), a guideline that requires adding two points to a base offense level for possession of stolen property valued at $1500-$2000. Although analogies to existing guidelines sometimes aid in determining the extent of a departure, where, as here, a guideline provides specific criteria to guide the courts in calibrating the extent of a departure, those criteria should be applied.
 
 
 8
 We find insufficient evidence to suggest Tavira-Hernandez intended property damage or knowingly risked it. The district court admits that whether Tavira-Hernandez "left the van while it was still moving ... by mistake or intentionally so he could bail out, I don't know." [SER at 4] The only evidence of intent is Tavira-Hernandez's statement that he neglected, in the heat of the moment, to put the van into "park," which falls short of having "knowingly risked" property damage. Nor do we see how the property damage in this case could be considered more serious than that risked by the behavior for which Tavira-Hernandez is already being punished. The district court enhanced appellant's sentence for reckless endangerment, that is, for "creat[ing] a substantial risk of death or serious bodily injury." U.S.S.G. § 3Cl.2. It then added a departure for the extent of that endangerment. We find it difficult to imagine so much danger to life and limb without the risk of at least a small amount of property damage. Thus on remand we see no need to impose any additional penalty for property damage.
 
 
 9
 Tavira-Hernandez raises two other challenges to his sentence, which we find without merit. He challenges the district court's failure to depart downward in compensation for a criminal history category that is said to over-represent the seriousness of his prior criminal activity. However, we have no jurisdiction to review the district court's discretionary decision not to depart, United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991), and appellant points to nothing in the record to suggest the court's refusal to depart was anything other than discretionary. Appellant also challenges the district court's failure to reduce his base offense level three points for having committed a not-for-profit offense. See U.S.S.G. 2L1.1(b)(1). However the district court had sufficient evidence to justify its conclusion that Tavira-Hernandez's friend was being paid to smuggle the undocumented immigrants, and that Tavira-Hernandez was likely to receive some portion of those profits for his role in the venture. Tavira-Hernandez's self-serving statements notwithstanding, we hold that the district court's factual finding was not clearly erroneous.
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3