995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward T. ROSEN, Defendant-Appellant.
 No. 92-10626.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward T. Rosen appeals his 97-month sentence imposed following entry of guilty pleas to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). Rosen contends that the district court erred by enhancing his sentence under U.S.S.G. § 2B3.1(b)(2)(C) because the government failed to prove that he possessed a firearm, rather than a dangerous weapon, during two of the bank robberies. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for clear error the district court's factual finding that Rosen possessed a firearm. See United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990).
 
 
 4
 The Guidelines require a five-level increase in a defendant's base offense level "if a firearm was brandished, displayed, or possessed" during the commission of the offense. U.S.S.G. § 2B2.1(b)(2)(C). The government is required to prove the existence of factors enhancing a sentence by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992).
 
 
 5
 Here, the government did not produce the gun. Nevertheless, the presentence report ("PSR") indicated that, during one robbery, Rosen handed the victim teller a note stating "I have a gun. I want $100s and $50s." Rosen then displayed what the teller described as a revolver-type gun made of black steel. The PSR also indicated that, during another robbery, the victim teller observed what appeared to be a gun in the bag which Rosen placed on the counter in front of her. Rosen displayed the gun to the teller with his hand over the barrel and she was able to see its cylinder. Rosen did not challenge the accuracy of this information or offer evidence that the gun was merely a dangerous weapon. On the basis of this record, we conclude that the government proved by a preponderance of the evidence that Rosen possessed a firearm. See Restrepo, 946 F.2d at 661; cf. United States v. Harris, 792 F.2d 866, 868 (9th Cir.1986) (evidence sufficient to prove defendant used firearm to commit felony where bank employees and bank customer saw him brandishing a gun and surveillance photographs showed him brandishing a gun). The district court therefore properly applied the five-level enhancement.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3