995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie PUGH, Defendant-Appellant.
 No. 92-5894.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges; and PECK, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Defendant Jackie Pugh appeals the sentence he received after pleading guilty to one count of illegally possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Pugh argues that the district court erred when it failed to reduce Pugh's offense level under U.S.S.G. § 2K2.1(b)(2) because he possessed the firearm solely for "collection purposes." We find that the district court committed no error and shall affirm the sentencing order.
 
 I.
 
 2
 Members of the Nashville Metropolitan Police Department executed a search warrant at Pepe's Diesel Service station, which was owned by Pugh. The warrant authorized a search for stolen property, drugs, and weapons. During the search, the officers discovered stolen property, a small amount of the drug known as "crank," a sawed-off shotgun, and a Reising automatic submachine gun. Neither the Reising submachine gun nor the sawed-off shotgun bore the necessary identification numbers, and neither weapon was properly registered. Pugh was indicated for two counts of possessing unregistered firearms, in violation of 26 U.S.C. § 5861(d). He later filed a motion to suppress the evidence seized during the search of the service station, arguing that the search warrant was invalid. After the district court denied the motion, Pugh pled guilty to the second count of the indictment, illegally possessing the Reising submachine gun.
 
 
 3
 According to the presentence report prepared by the probation officer, the machine gun was a Reising Model, 50 submachine gun that was manufactured for the United States government between 1941 and 1945. At the time the gun was seized, its magazine housing was bent, and, to test fire the weapon, agents from the Bureau of Alcohol, Tobacco and Firearms (ATF) had to replace the bent housing with a magazine housing from the ATF firearms reference collection. Both weapons had barrel lengths shorter than that legally required, and both were field tested and found to be fully operable.
 
 
 4
 The presentence report calculated Pugh's offense level at 16. This included a two-point increase for obliterating serial numbers and a two-point decrease for acceptance of responsibility. With Pugh's criminal history category[1] of IV, the recommended sentence range was 33-41 months imprisonment. Pugh filed objections, arguing that under § 2K2.1(b)(2), his offense level should be 6 because he possessed the Reising for "collection purposes" only. In an addendum to the presentence report, the probation office concluded that the reduction was inappropriate.
 
 
 5
 At his sentencing hearing, Pugh testified that, approximately one year before the Reising was seized, he had received it as partial payment on a bill owed him. He claimed never to have fired the gun, had no ammunition for it, did not have a clip for it, and did not know if it would fire. Pugh also testified that his father gave him the shotgun when he was about eight years old and that Pugh cut the shotgun's barrel to make a "talk piece" to show to visitors. According to Pugh, he usually kept the shotgun at home but had brought it to work to show a customer. Pugh did not keep ammunition for the shotgun at his office. Cross-examination revealed that Pugh once accepted a .38 caliber Smith and Wesson revolver as partial payment for another bill. He kept this revolver in his desk drawer at work. Furthermore, Pugh owned a Remington rifle, which he kept at work, and he allowed an employee to keep a .12-gauge shotgun at the service station. The guns in the service station were stored in a brown cabinet, not a display case. Pugh owned several other weapons, which he stored at home.
 
 
 6
 Prior to sentencing, Pugh argued that because he possessed the submachine gun for "collection purposes," he was entitled to an offense level of six under § 2K2.1(b)(2) of the guidelines. The district court disagreed and found that the guns were not "collected weapons in the sense of gun collecting." The court sentenced Pugh to 33 months imprisonment with three years supervisory release to follow, and ordered him to participate in an alcohol treatment program.
 
 II.
 
 7
 18 U.S.C. § 3742(e) governs appellate review of the district court's sentencing guidelines determinations. Section 3742(e) provides, in part:
 
 
 8
 The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of facts of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 9
 18 U.S.C. § 3742(e). Although Pugh argues that this court's review is de novo, whether Pugh possessed the Reising for "collection purposes" is a factual question relating to Pugh's state of mind. Therefore, we review the district court's determination for clear error. See United States v. Cousens, 942 F.2d 800, 802 (1st Cir.1991); United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990).
 
 
 10
 Section 2K2.1(b)(2) of the sentencing guidelines provides:
 
 
 11
 If the defendant ... possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6.
 
 
 12
 U.S.S.G. § 2K2.1(b)(2). According to the application notes, whether a defendant possesses firearms for "collection purposes" is determined by the surrounding circumstances:
 
 
 13
 Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law.
 
 
 14
 U.S.S.G. § 2K2.1, comment. (n. 10). The defendant bears the burden of establishing by a preponderance of evidence that he is entitled to a reduction under subsection (b)(2). See Cousens, 942 F.2d at 802; United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). The defendant must establish that he possessed the weapon solely for the purpose of collection and point to specific facts showing that the "intended lawful use" of the firearm was for collection; no reduction is allowed for mere innocent possession. U.S.S.G. § 2K2.1(b)(2); United States v. Wilson, 878 F.2d 921, 924 (6th Cir.1989).
 
 
 15
 According to Pugh, the following evidence establishes that he is entitled to the reduction: 1) the machine gun was made in the 1940s; 2) the gun was incapable of firing until ATF agents replaced the bent magazine housing; 3) he did not have a clip or ammunition for the gun; and 4) he did not have a criminal history of committing violent crimes. However, as the government argues, Pugh did not display the weapons as a collector would; he possessed the weapons in violation of state law; and the police seized the weapons during a search that uncovered drugs and stolen property. Furthermore, Pugh's weapons were stored in different places, some were missing serial numbers, and one shotgun was altered. While each of these factors standing alone might not be determinative, cumulatively they indicate that the district court did not commit clear error when it concluded that Pugh failed to establish by a preponderance of evidence that he possessed the submachine gun solely for "collection purposes."
 
 III.
 
 16
 We therefore AFFIRM the district court's sentencing order.
 
 
 
 [1]
 Pugh's criminal history included several misdemeanor convictions for driving under the influence of alcohol