26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley Scott HOLZ, Defendant-Appellant.
 No. 93-10553.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bradley Scott Holz appeals his sentence of twelve months and one day imposed after a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1), 924. Holz contends that the district court erred by denying a six-level downward adjustment to his base offense level because he possessed the firearm for sporting or collection purposes. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error the district court's factual finding that a defendant did not possess a firearm solely for sporting or collection purposes. United States v. Gavilan, 966 F.2d 530, 531 (9th Cir.1992); United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990).
 
 
 4
 The Guidelines applicable in this case allow a six-level downward adjustment to a defendant's base offense level if he possessed the firearm "solely for lawful sporting purposes or collection." U.S.S.G. Sec. 2K2.1(b)(1) (1990). The defendant must prove by a preponderance of the evidence that he is entitled to the reduction. Gavilan, 966 F.2d at 532; Uzelac, 921 F.2d at 205.
 
 
 5
 Here, Holz, a California resident, obtained a Beretta .9 mm. semiautomatic pistol and a Jennings .22 caliber pistol from a gun dealer in Reno, Nevada, using a false address and a Nevada driver's license. Holz filled out a Firearms Transaction Record in which he falsely stated that he had never been convicted of a felony. Law enforcement agents seized the Beretta and 30 rounds of 9 mm. ammunition in a shoulder holster, and a .45 caliber pistol and 7 rounds of .45 caliber ammunition, from Holz's residence in Roseville, California. They also seized a shotgun, a revolver, 4 rifles, and numerous rounds of ammunition that Holz kept in a storage facility in Citrus Heights, California.
 
 
 6
 At sentencing, Holz testified that he possessed the firearms solely for sporting or collection purposes. The district court found that Holz did not possess the weapons and the Beretta, in particular, solely for lawful sporting or collection purposes. The court based this finding on the fact that the Beretta semiautomatic pistol was found in the closet of Holz's residence together with 30 rounds of ammunition and a shoulder holster, the number of weapons and amount of ammunition found, and the fact that Holz had lied about his previous felony conviction to obtain at least two of the firearms.
 
 
 7
 Because the district court could find Holz's statements made in furtherance of a sentence reduction not credible, Holz failed to prove by a preponderance of the evidence that he possessed the rifle solely for sporting or collection purposes. See Gavilan, 966 F.2d at 532, Uzelac, 921 F.2d at 206. Accordingly, the district court did not clearly err by finding that Holz was not entitled to the six-level reduction. See Uzelac, 921 F.2d at 206.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3