29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Stanley LUCAS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William L. SMASAL, Defendant-Appellant.
 Nos. 93-30237, 93-30239.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided July 14, 1994.
 
 Before: WRIGHT, WIGGINS, and THOMPSON, Circuit Judges
 MEMORANDUM**
 Joseph Stanley Lucas and William L. Smasal appeal their sentences under the Sentencing Guidelines. Appellants pleaded guilty to one count of conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. Sec. 846, and one count of manufacturing methamphetamine, in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 841(a)(1).
 Lucas and Smasal argue that the district court erred by imposing a two-level upward adjustment for use of a firearm in connection with a drug offense. U.S.S.G. Sec. 2D1.1(b)(1). The Government agrees that the district court erred. We remand for resentencing without the firearm enhancement.
 In addition, Lucas argues that the Government abused its discretion by refusing to make a substantial assistance motion on his behalf. See U.S.S.G. Sec. 5K1.1. We find that Lucas's claim is baseless.
 Finally, Lucas argues that the district court deprived him of due process when it prevented him from cooperating with law enforcement authorities by ordering him not to travel outside of the district. The Government agrees that the district court erred, but claims that there is no remedy for this error. We affirm.
 FACTS AND PRIOR PROCEEDINGS
 Appellants manufactured and distributed methamphetamine. Their scheme was ended when firefighters discovered the lab in Smasal's garage. When the police searched Smasal's house, a black powder rifle, a hunting rifle and a pipe bomb were found.
 Appellants were indicted on various drug charges. A magistrate judge granted Lucas pretrial release with supervision, conditioned upon a $34,000 property bond and electronic monitoring for home detention. On January 22, 1993, appellants pleaded guilty to some of the charges.
 Lucas's plea agreement called for him to cooperate with the Government as to all drug trafficking information about which he was aware. In return, the Government agreed not to seek an enhancement of his sentence on account of Lucas's prior drug conviction and not to prosecute him for any additional offenses he might relate. The Government also agreed to bring Lucas's cooperation to the district court's attention at sentencing. The Government did not agree, however, to file a substantial assistance motion under U.S.S.G. Sec. 5K1.1.
 Lucas began providing information. Consequently, the Government moved to have his electronic monitoring status changed. The district court granted the motion. Apparently, Lucas then made "substantial progress" and was able to contact "a major distributor of cocaine and heroin." The distributor was planning a trip to California to purchase a large quantity of drugs for redistribution. The distributor invited Lucas to join him. Lucas asked the district court for permission to leave the Western District of Washington. The district court refused. The Government then filed a motion, in which Lucas's counsel joined, to allow Lucas to travel outside of the district. The district court never ruled on the motion.
 On May 13 and 14, 1993, the district court conducted a sentencing hearing. The Government refused to move for a downward departure based upon Lucas's substantial assistance. See U.S.S.G. Sec. 5K1.1. Lucas moved for an evidentiary hearing to show that he had earned a substantial assistance motion. The district court denied the motion.[1]
 On June 8, 1993, the district court entered judgment and sentenced appellants. Appellants then filed timely notices of appeal.
 DISCUSSION
 I. Did the District Court Err by Enhancing Appellants' Sentences Because of the Presence of Weapons in the House?
 In calculating appellants' sentences, the district court imposed a two-level enhancement for use of a firearm in the commission of a drug offense. See U.S.S.G. Sec. 2D1.1(b)(1).[2] Appellants objected that the enhancement was improper because it was clearly improbable that the weapons found during the police's search were used in connection with the drug offenses. See U.S.S.G. Sec. 2D1.1(b)(1) Application Note 3.[3] First, the weapons were not found in the detached garage where the lab was situated, but rather in the adjacent house; thus, the weapons were not in a position to be useful in connection with the lab. Second, the weapons were not of the type that is normally used in drug trafficking. Third, the weapons were not obtained in connection with the lab. For example, the black powder rifle and the hunting rifle belonged to Smasal's deceased father. Fourth, it appears that the rifles were not loaded and the pipe bomb was not rigged or set up in any way. Finally, appellants were not in possession of any of the weapons when the firefighters arrived or when the police searched the house. The Government's counsel agreed that the enhancement was improper.
 The record does not support the district court's determination that the weapons were used in connection with the drug offenses. The evidence indicates that the three weapons are all the functional equivalent of the "unloaded hunting rifle in the closet." See U.S.S.G. Sec. 2D1.1(b)(1) Application Note 3. We vacate the sentences and remand with instructions to remove the two-level enhancement.
 II. Did the Government Abuse its Discretion by Refusing to Make a Substantial Assistance Motion on Lucas's Behalf?
 The Government's refusal to make a substantial assistance motion will be reviewed only when a defendant has established either that the refusal was based upon an unconstitutional motive or that it was not rationally related to any legitimate government end. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992).
 Lucas argues that the Government abused its discretion by failing to make a Sec. 5K1.1 motion on his behalf. Specifically, Lucas asserts that he provided substantial assistance in the investigation of another person and that such assistance is sufficient to warrant a Sec. 5K1.1 motion. Lucas further argues that the Government acted in bad faith by declining to file a Sec. 5K1.1 motion.
 The Government contends that Lucas did not provide the requisite degree of information to warrant a Sec. 5K1.1 motion. Furthermore, the Government points out that Lucas's assertion that he would have qualified for a Sec. 5K1.1 motion had the district court not interfered is purely speculative; the "police may well have been unable to arrest anyone or intercept any drugs" even if Lucas were permitted to travel.
 Lucas's claim is without merit. Lucas has not made a "substantial threshold showing." Wade, 112 S.Ct. at 1844. Specifically, Lucas has not shown that the Government's failure to make a substantial assistance motion was based on an unconstitutional motive, such as race, religion or gender, or that it was not rationally related to any legitimate government end. See Wade, 112 S.Ct. at 1843-44. Furthermore, to the extent that Lucas did assist the Government, that assistance does not entitle him to a downward departure. The Court has held that, while Sec. 5K1.1 gives the Government the power to recommend departure, it does not create a duty to file a motion simply because a defendant has provided substantial assistance. Id. at 1843.
 III. Did the District Court Violate Lucas's Due Process Rights?
 We review de novo the district court's application of the Sentencing Guidelines. United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990).
 Lucas also argues that the district court deprived him of due process when the court ordered him to stop cooperating with the Government. Specifically, Lucas reasons that he acquired at least some limited right to provide substantial assistance once the Government offered him a deal and he accepted and began performing. Thus, Lucas concludes that the district court deprived him of due process by interfering with his assistance. In addition, Lucas claims that he was entitled to, but deprived of, a Sec. 5K1.1 motion because he had already provided the Government with substantial assistance.
 The Government agrees that the district court erred by preventing Lucas from traveling outside of the district. The Government argues, however, that Lucas is not entitled to any remedy for the district court's error because "it is by no means clear that Lucas would have provided substantial assistance had he continued to cooperate with the government." Furthermore, the Government emphasizes that it is within the Government's power to determine whether a defendant has provided a sufficient degree of assistance to warrant a Sec. 5K1.1 motion. Wade, 112 S.Ct. at 1843. Here, the Government asserts that Lucas did not provide substantial assistance.
 Lucas's claim is again without merit. First, there is nothing in the record to support Lucas's assertion that the district court ordered him to stop cooperating with the Government. Rather, the district court simply refused to grant Lucas permission to leave the district. Lucas was free to continue providing assistance to the Government from within the district. Second, it was within the district court's discretion to impose travel restrictions on Lucas. Finally, the district court could not have deprived Lucas of any due process right because he had none. Lucas was not entitled to anything. See id. at 1844 (concluding that a defendant who provided substantial assistance but cannot show that the government acted improperly in refusing to make a Sec. 5K1.1 motion is not entitled to "a remedy or even to discovery or an evidentiary hearing").
 CONCLUSION
 For the foregoing reasons, we affirm in part and remand with instructions to the district court to vacate appellants' sentences and resentence them without the two-level enhancement under U.S.S.G. Sec. 2D1.1(b)(1). We affirm appellants' sentences in all other respects.
 AFFIRMED in part and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lucas then made an offer of proof. Again, the motion for an evidentiary hearing was denied
 
 
 [2]
 Section 2D1.1(b)(1) provides, "If a dangerous weapon (including a firearm) was possessed [in connection with a drug offense], increase by 2 levels."
 
 
 [3]
 Application Note 3 provides in part, "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." U.S.S.G. Sec. 2D1.1(b)(1) Application Note 3 (emphasis supplied)