45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Abraham CERVANTES, Defendant-Appellant.
 No. 94-30122.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abraham Cervantes appeals his sentence of twenty-seven months imposed following a guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). Cervantes contends the district court erred by denying a six-level downward adjustment to his base offense level because he possessed the firearm solely for lawful sporting purposes. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990). The district court's determination that the defendant did not possess the firearm solely for sporting purposes is a factual finding we review for clear error. United States v. Gavilan, 966 F.2d 530, 531 (9th Cir.1992).
 
 
 4
 The Guidelines allow for a downward adjustment if the court finds that the defendant "possessed ... [the] firearm[ ] solely for lawful sporting purposes...." U.S.S.G. Sec. 2K2.1(b)(2) (1993). In making this determination, the district court may look to the surrounding circumstances, including the type of firearm, the location and circumstances of possession and actual use, the nature of the defendant's criminal history, and the extent to which possession was restricted by local law. See U.S.S.G. Sec. 2K2.1, comment. (n. 10); United States v. Prator, 939 F.2d 844, 846 (9th Cir.1991).
 
 
 5
 A defendant who requests a downward adjustment to his base offense level under section 2K2.1(b) must prove by a preponderance of the evidence that he possessed the firearm solely for lawful sporting purposes. Gavilan, 966 F.2d at 532; Uzelac, 921 F.2d at 205.
 
 
 6
 Here, Cervantes argued that he was entitled to the downward adjustment under 2K2.1(b) because he possessed the firearm solely for sporting purposes. Cervantes made a proffer to the court about the actual and intended use of the firearm, claiming that he only used the gun for target practice with bottles and cans. The court examined the surrounding circumstances and rejected that argument.
 
 
 7
 The court noted that the firearm was a type that is small and easily concealable. Furthermore, on the evening in question, Cervantes admitted that he travelled in a car with the firearm loaded. Upon arriving at his friend's house, he drank some beer, and at some point, fired the gun off of the back porch and into the yard. Although there is a dispute as to whether Cervantes just fired randomly into the yard, or whether he was engaged in "target practice" using bottles and cans, Cervantes does not dispute that he reloaded the firearm in the car on the way home.
 
 
 8
 In finding that this usage was not consistent with "lawful sporting purposes," the district court stated:
 
 
 9
 You don't carry loaded weapons in a car. That is a violation of the law in itself in order to have it for sporting purposes.... It has to be solely for that purpose and carrying loaded weapons around in cars and shooting them off at somebody's back porch is contrary to having a gun for sporting purposes and that is my finding.
 
 
 10
 The district court's finding that Cervantes failed to prove by a preponderance of the evidence that he possessed the gun solely for sporting purposes was not clearly erroneous. See Uzelac, 921 F.2d at 206. Accordingly, the district court properly found that Cervantes was not entitled to a downward adjustment under section 2K2.1(b)(2). Id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3