NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. IVAN BRYANT LIZOLA, Defendant-Appellant. | No. 18-10122 D.C. No. 4:17-cr-00715-CKJ-JR-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted February 7, 2019[**]
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Defendant-Appellant Ivan Bryant Lizola (Defendant) appeals his 27-month

sentence for possession of ammunition by a convicted felon in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1.      Defendant contends that the district court abused its discretion when it failed to apply a reduction provision in § 2K2.1(b)(2) of the Federal Sentencing Guidelines (the Guidelines).  That provision provides that "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition," then the court should "decrease the offense level determined above to level 6."  U.S.S.G. § 2K2.1(b)(2).

Defendant argues that the ammunition was a collection, and that the government failed to show that any of the ammunition was designed for or capable of use in the homemade devices seized from him.  However, it is "[a] defendant who seeks a downward adjustment in his base offense level under section 2K2.1(b)(2) [who] bears the burden of proving, by a preponderance of the evidence, that he is entitled to the reduction." *United States v. Uzelac*, 921 F.2d 204, 205 (9th Cir. 1990).  It is not the government's burden to prove otherwise.  Furthermore, the absence of an intended illegal use does not satisfy a defendant's burden of proving lawful use. *Id.* at 205–206.  Here, given that Defendant possessed a homemade firearm along with the ammunition, stored the ammunition in his car, and had prior convictions for weapons-related misconduct, the district court did not abuse its discretion when it declined to apply the reduction provision.

2

2.     Defendant's second argument—that the district court incorrectly applied U.S.S.G. § 2K2.1(a)(6)—is based on a flawed reading of the Guidelines.  Section 2K2.1 establishes a base offense level of 14 if the defendant "(A) was a prohibited person at the time the defendant committed the instant offense . . . or (C) is convicted under 18 U.S.C. § 922(a)(6) or § 924(a)(1)(A) and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person."  U.S.S.G. § 2K2.1(a)(6).  Defendant does not dispute that he was a "prohibited person," but contends that the government failed to prove he had "knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person," as required by the final clause of subsection (a)(6)(C). However, that final clause only modifies subsection (a)(6)(C), and is not a requirement for subsection (a)(6)(A), which Defendant concedes is properly applicable here.  Therefore, the district court correctly interpreted and applied § 2K2.1(a)(6).  *See United States v. Snipe*, 515 F.3d 947, 954–55 (9th Cir. 2008); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 144, 156 (2012) (discussing the last-antecedent canon and the scope-of-subparts canon).

**AFFIRMED.**