UNITED STATES of America,
Plaintiff–Appellee,

v.

Augustin Reyes GAVILAN,
Defendant–Appellant.

No. 91–50509.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 1992.*

Decided June 11, 1992.

Stephen E. Hoffman, Frank & Milchen, San Diego, Cal., for defendant-appellant.

Shane P. Harrigan, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before: ALARCON, NORRIS, and O'SCANNLAIN, Circuit Judges.

ALARCON, Circuit Judge:

Augustin Reyes Gavilan (Gavilan) appeals from the order sentencing him to 10 months of imprisonment, three years supervised release and a fine of $1075.00 for possession of marijuana in violation of 21 U.S.C. § 844, and for unlawful possession of a firearm by a user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). Gavilan contends he is entitled to a six-level downward adjustment to his base offense level pursuant to United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(1), because he possessed the firearm for the lawful purpose of self-defense. We affirm because we conclude that the district court did not clearly err in finding that Gavilan did not possess the firearm solely for a lawful purpose.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), 9th Cir.Rule 34–4.

## I.

On February 26, 1991, federal narcotics agents executed a search warrant for Gavilan's residence. During the course of the search, the agents seized 43 marijuana plants in the garage, a small amount of marijuana and two marijuana pipes in the living room, a large quantity of plastic baggies in an upstairs bedroom, and a .22 caliber revolver from a nightstand in the master bedroom.

Gavilan was arrested following the seizure of these items. After he was advised of his constitutional rights, Gavilan told the agents that he was growing the marijuana plants solely for his personal use. He admitted to the police that he had been smoking marijuana since 1971.

In his interview with the probation officer, Gavilan explained that he purchased the gun to protect his home, his girlfriend, and himself after his home was burglarized in 1979. He also stated that the gun had no connection to the cultivation of marijuana at his residence.

Shortly after his arrest, Gavilan and the prosecutor agreed to a pre-indictment disposition of his case. On March 25, 1991, Gavilan pled guilty to a two-count information charging him with possession of approximately four kilograms of marijuana and unlawful use of a controlled substance while in possession of a firearm.

Gavilan filed written objections to the presentence report. He asserted that the probation department erred by not applying U.S.S.G. § 2K2.1(b)(1) because he had lawfully obtained and possessed the firearm for protection following the burglary of his residence.

At the sentencing hearing, Gavilan renewed his objections to his offense level. The district court refused to order a six-level downward reduction under Section 2K2.1(b)(1). The court concluded that Section 2K2.1(b)(1) authorizes a reduction of the offense level only if the possession was *solely* for sporting purposes or collection. The court found that Gavilan possessed the revolver to protect his marijuana crop. In this respect, the court commented as follows:

THE COURT: As to the objection no. 1, reading the plain language of the section [2K2.1(b)(1) ] [i]t has to be solely for lawful sporting purposes or collection.

This certainly isn't that. But irrespective of that, I agree with Mr. Harrigan [Government Counsel], it was there for other purposes also and that would be to protect these plants.

The court imposed concurrent sentences of ten months on each count.

## II.

Gavilan contends that the district court erroneously denied a six-level reduction of his base offense level pursuant to Section 2K2.1(b)(1). He argues that he possessed the gun for the purpose of protecting his home, his girlfriend and himself and that such intent constitutes a lawful purpose within the meaning of Section 2K2.1(b)(1). He maintains that Section 2K2.1(b)(1), when read concurrently with the accompanying commentary, implicitly authorizes a downward adjustment for possession of a firearm for any lawful purpose.

■ We review *de novo* a district court's construction and interpretation of the Sentencing Guidelines. *United States v. Baclaan*, 948 F.2d 628, 630 (9th Cir. 1991); *United States v. Uzelac*, 921 F.2d 204, 205 (9th Cir.1990). The district court's finding that Gavilan did not possess the firearm for an intended lawful use within the meaning of Section 2K2.1(b)(1) is a factual finding we review for clear error. *United States v. Palmer*, 946 F.2d 97, 100 (9th Cir.1991); *Uzelac*, 921 F.2d at 205.

■ Section 2K2.1(b)(1) of the sentencing guidelines authorizes a reduction of the offense level to six if a defendant, found in possession of a firearm, "obtained or possessed the firearm or ammunition ... *solely* for lawful sporting purposes or collection." U.S.S.G. § 2K2.1(b)(1) (Nov.1990) (emphasis added). Here, the court found Gavilan's gun possession was in part for the purpose of protecting the marijuana. Therefore, Section 2K2.1(b)(1) is inapplicable even if the firearm was also possessed

for a separate purpose that may be lawful pursuant to Section 2K2.1(b)(1), or its commentary.[1] A defendant who seeks a downward adjustment in his base offense level under Section 2K2.1(b)(1) must prove by a preponderance of the evidence that he is entitled to the reduction. *Uzelac*, 921 F.2d at 205. Gavilan did not meet this burden. The district court was not bound to accept Gavilan's self-serving version of events "made with the purpose of reducing his sentence." *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir.1989), *cert. denied*, 495 U.S. 923, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990); *see also United States v. Lui*, 941 F.2d 844, 849 (9th Cir.1991) (upholding the district court's finding that the defendant was not a mere courier where the only other evidence was the defendant's self-serving statement to the contrary).

Section 2K2.1(b)(1) demands more than an assertion by Gavilan that he initially purchased the revolver to protect his home, his girlfriend and himself after his home was burglarized. Section 2K2.1(b)(1) requires that *both* acquisition and possession must be lawful. *United States v. Smeathers*, 884 F.2d 363, 364–65 (8th Cir.1989) (possession of gun originally purchased and used for hunting did not qualify under Section 2K2.1(b)(1) where defendant was found firing it inside home after argument with wife).

Gavilan contends that the district court improperly inferred that he possessed the gun in part to protect his marijuana crop, because the gun was found in the upstairs bedroom of his residence and not in the garage where the marijuana plants were seized. We disagree. The weapon was readily available to Gavilan should it become necessary to defend his illegal crop.

We were presented with a similar argument in *United States v. Willard*, 919 F.2d 606 (9th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 208, 116 L.Ed.2d 167 (1991). In *Willard*, the defendant argued that the

district court's enhancement of his drug sentence for gun possession was improper, because the guns were seized from his place of business and were not present at the scene of his offense. *Id.* at 609. In rejecting this contention, we stated:

> Our court has not *required* the guns and drugs to be found in proximity to each other, in order to support a firearm enhancement. The proximity of guns and drugs is usually circumstantial evidence of possession during the commission of a drug offense.

*Id.* at 610 (emphasis in original). In this matter, the presence of the revolver in his bedroom was circumstantial evidence of Gavilan's possession of the weapon for a purpose other than solely for sport or collection.

AFFIRMED.

---

1. Because we resolve Gavilan's appeal on the basis that he did not possess the weapon solely for any lawful purpose, we need not reach his claim that lawful purposes other than sport and collection fall within the scope of Section 2K2.1(b)(1). We express no opinion on that claim.