980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio VASQUEZ-CRUZ, Defendant-Appellant.
 No. 91-50677.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Vasquez-Cruz appeals his conviction and sentence under the United States Sentencing Guidelines, following a jury trial, for conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846. Vasquez-Cruz contends that the district court erred by (1) denying his motion for a new trial based on the prosecutor's failure to disclose exculpatory evidence and (2) increasing his offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for use of a firearm during a drug offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Motion for New Trial
 
 
 4
 "We review for abuse of discretion a district court's denial of a new trial motion based on newly discovered evidence." United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). We review de novo challenges to a conviction based on a Brady violation. United States v. Kennedy, 890 F.2d 1056, 1058 (9th Cir.1989), cert. denied, 494 U.S. 1008 (1990).
 
 
 5
 Vasquez-Cruz argues that he is entitled to a new trial because the prosecution failed to disclose a file from the Immigration and Naturalization Service which indicated that the confidential informant, a key prosecution witness, had psychiatric problems. Alternatively, he argues that this evidence constituted newly discovered evidence. The government argues that our decision in the co-defendant's appeal, United States v. Sergio Garcia, No. 91-50305, unpublished memorandum disposition (9th Cir. May 6, 1992) (rejecting identical claims) (Garcia ), represents the law of the case and requires this court to reject Vasquez-Cruz's claims. We find the government's argument persuasive.
 
 
 6
 The law of the case doctrine "precludes a court from reexamining issues previously decided by the same court." United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991). Law of the case doctrine applies where "the appeal of one co-defendant is decided prior to the appeal of the other co-defendant, if both were convicted at the same trial." Id.
 
 
 7
 Here, Vasquez-Cruz and Sergio Garcia were co-defendants and convicted at the same trial. Sergio Garcia's attorney, joined by Vasquez-Cruz's attorney, filed a motion for new trial based on the prosecutor's failure to disclose exculpatory evidence regarding the confidential informant and/or newly discovered evidence. Vasquez-Cruz did not raise any additional arguments.
 
 
 8
 Based on the law of the case established in Garcia, we hold that Vasquez-Cruz's claims lack merit. See Schaff, 948 F.2d at 506. Accordingly, the district court did not abuse its discretion by denying the motion for a new trial. See Kulczyk, 931 F.2d at 549.
 
 II
 Firearm Enhancement[1]
 
 9
 Vasquez-Cruz further contends that the district court erroneously enhanced his sentence pursuant to U.S.S.G. § 2D1.1(b)(1) because the drugs and firearm were not located at the same place, and therefore he did not possess the firearm during the commission of the offense. We disagree.
 
 
 10
 We review de novo the district court's application of the Guidelines, while we review for clear error the district court's finding that a defendant possessed a firearm during the commission of a drug offense. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991).
 
 
 11
 The Guidelines require a defendant's offense level to be increased by two levels if he possessed a firearm during the commission of a drug offense. U.S.S.G. § 2D1.1(b)(1). We have "not required the guns and drugs to be found in proximity to each other, in order to support a firearm enhancement. The proximity of guns and drugs is usually circumstantial evidence of possession during the commission of a drug offense." United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990) (defendant's offense level properly enhanced where guns were seized from his business establishment and were not present at the scene of the offense), cert. denied, 112 S.Ct. 208 (1991); accord Stewart, 926 F.2d at 901-02 (defendant's offense level properly enhanced where firearm was found in his home fifteen miles away from the scene of the drug transaction); see also United States v. Gavilan, 966 F.2d 530, 532 (9th Cir.1992) (district court properly found that defendant's possession of a gun in his bedroom was to protect marijuana plants seized from his garage although he claimed that the gun was possessed for protection of his home).
 
 
 12
 Here, it is undisputed that Vasquez-Cruz participated in a large drug transaction. Following the arrest of his co-defendants at the scene of the drug transaction, Drug Enforcement Administration agents arrested Vasquez-Cruz at his residence. The agents searched the residence and discovered an AK-47 assault rifle.
 
 
 13
 In light of these facts, the district court did not clearly err by finding that Vasquez-Cruz possessed a firearm during the commission of a drug offense. See Stewart, 926 F.2d at 902; Willard, 919 F.2d at 610; see also Gavilan, 966 F.2d at 532. Accordingly, the district court properly enhanced his offense level. See U.S.S.G. § 2D1.1(b)(1).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that we lack jurisdiction to review Vasquez-Cruz's sentence because the district court imposed a provisional sentence pursuant to 18 U.S.C. § 4244. We have recently considered this argument and rejected it. See United States v. Donaghe, 924 F.2d 940, 942 (9th Cir.) (holding that a defendant, who was sentenced to a provisional sentence of five years imprisonment and committed to Bureau of Prisons for further mental and physical examinations for sixty days, had the right to appeal his provisional sentence under former 18 U.S.C. § 3552(b)), cert. denied, 112 S.Ct. 204 (1991). Accordingly, this contention lacks merit
 Additionally, the government argues that the district court erred by imposing a sentence of 292 months, the lower end of the applicable Guidelines range, rather than the statutory maximum of life imprisonment. We decline to address this contention because the government did not raise this issue in the district court. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (generally this court will not address an issue raised for the first time on appeal).