995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Kevin FAHEY, Defendant-Appellant.
 No. 92-30474.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Kevin Fahey appeals his 8-month sentence imposed after a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Fahey contends that the district court erred by (1) denying a six-level reduction of his base offense level because he possessed the firearm for sporting or collection purposes and (2) refusing to depart downward from the applicable Guidelines range because his criminal history category of II overrepresented the seriousness of his criminal history. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and dismiss in part.
 
 
 3
 * Sporting or Collection Purposes
 
 
 4
 We review for clear error the district court's factual finding that a defendant did not possess a firearm solely for sporting or collection purposes. United States v. Gavilan, 966 F.2d 530, 531 (9th Cir.1992); United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990).
 
 
 5
 The Guidelines allow a six-level reduction in a defendant's base offense level if he possessed the firearm "solely for lawful sporting purposes or collection." U.S.S.G. § 2K2.1(b)(1). The defendant must prove by a preponderance of the evidence that he is entitled to this reduction. Gavilan, 966 F.2d at 532; Uzelac, 921 F.2d at 205.
 
 
 6
 Here, Fahey used a false name and fraudulent driver's license to purchase a .22 caliber rifle from a gun shop. Fahey also filled out a form indicating that he had never been convicted of a felony. At sentencing, the government proffered the testimony of a firearms expert that the rifle was not a collector's item. Fahey did not object to the government's proffer, which the district court accepted. Based upon these facts, the district court found that Fahey did not possess the rifle solely for lawful sporting or collection purposes.
 
 
 7
 Fahey argues that the district court's finding was clearly erroneous because (1) he was a former gun collector, (2) the weapon had not been fired, (3) no evidence indicated that the use of the firearm was more consistent with personal protection, (4) he was not using the gun for any illegal purpose, and (5) the government did not determine if the weapon had ever been fired. We disagree.
 
 
 8
 Because the district court was free to discredit Fahey's self-serving statements made in furtherance of a sentence reduction, see Gavilan, 966 F.2d at 532, he failed to prove by a preponderance of the evidence that he possessed the rifle solely for sporting or collection purposes, see Uzelac, 921 F.2d at 206.
 
 
 9
 Accordingly, district court did not clearly err by finding that Fahey was not entitled to the six-level reduction. See Uzelac, 921 F.2d at 206.
 
 II
 Downward Departure
 
 10
 A district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 
 11
 At sentencing, defense counsel argued that Fahey's criminal history category of II overrepresented the seriousness of his criminal history because it included the underlying felony conviction which led to the instant offense and two traffic offenses. Following Fahey's right of allocution, the district court stated:
 
 
 12
 I do not find that it is double counting to include in the criminal history computation the underlying conviction which led to the prohibited status in the first place. I don't think that was double counted, and I cannot find, applying the standards that we have to apply, that the stated criminal history overrepresents the actual history.... There is no basis for a departure, and the sentence must be within ... [the Guidelines] range.
 
 
 13
 (SER at 31).
 
 
 14
 To the extent that Fahey argues that the district court erred by failing to adequately state its reasons for refusing to depart downward, we reject the argument. Fahey failed to request a more definitive ruling and the record does not reflect any confusion on anyone's part regarding the district court's decision. See, e.g., United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990).
 
 
 15
 Because the district court exercised its discretion by refusing to depart from the Guidelines, we lack jurisdiction to review Fahey's request for a downward departure. See Robinson, 958 F.2d at 272.
 
 
 16
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3