8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lucy FLORES-MARTINEZ, Defendant-Appellant.
 No. 92-30253.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.
Decided Sept. 20, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 I. ADMISSIBILITY OF STATEMENTS MADE TO POLICE
 
 
 3
 Flores-Martinez argues her waiver of Miranda rights was invalid and her statements to the police were involuntary. Coercive police activity is a prerequisite for finding a confession or a Miranda waiver involuntary. Colorado v. Connelly, 479 U.S. 157, 167 (1986); Derrick v. Peterson, 924 F.2d 813, 821 (9th Cir.1990). The district court found no evidence of coercive police conduct and concluded "the time frame was not a factor that was over-long or unduly coercive or coercive at all." This factual determination is not clearly erroneous. U.S. v. Bland, 908 F.2d 471, 472 (9th Cir.1990) (factual determinations reviewed for clear error).
 
 
 4
 There is some question whether Flores-Martinez's Miranda waiver was knowing and intelligent. However, any error the district court might have made in admitting her statements was harmless. The prosecution did not argue the statements to the jury and independent evidence clearly established the essential elements of the charges. U.S. v. Disla, 805 F.2d 1340, 1347-48 (9th Cir.1986). Although Rivera was not a reliable witness, Carelle, other witnesses and physical evidence established beyond a reasonable doubt that Flores-Martinez was guilty of possession with intent to distribute on July 5th and July 18th and that she joined the conspiracy sometime between June 10th and July 18th with full knowledge of its membership and object. U.S. v. DiCesare, 765 F.2d 890, 900-01, modified, 777 F.2d 543 (9th Cir.1985).
 
 
 5
 II. FAILURE TO INSTRUCT THE JURY ON ENTRAPMENT
 
 
 6
 Flores-Martinez argues the district court erred in refusing to instruct the jury on entrapment. "A defendant is entitled to an entrapment instruction if he or she can present some evidence that (1) a government agent induced him or her to commit an illegal act that (2) he or she was not predisposed to commit. A defendant must present evidence on both elements of the defense, but only 'slight evidence is needed to create a factual issue ... [for] ... the jury.' " U.S. v. Sotello-Murillo, 887 F.2d 176, 180 (9th Cir.1989) (emphasis in original) (citations omitted).
 
 
 7
 Flores-Martinez presented no evidence she was induced by a government agent to commit a crime. Inducement is " 'repeated and persistent solicitation' or 'persuasion' which overcomes the defendant's reluctance" to commit a crime. U.S. v. Simas, 937 F.2d 459, 462 (9th Cir.1991) (citations and internal quotations omitted). Flores-Martinez presented evidence of 1) Rivera's reputation as a "salesman" with a "knack" for getting people to trust him, 2) Rivera's incentives to help the police capture large-scale drug dealers, 3) Rivera's work on Flores-Martinez's case several weeks before contacting Carelle, 4) Rivera's lack of credibility as a witness and 5) Flores-Martinez's greater involvement in the conspiracy after July 1 than before. However, she presented no evidence that a government agent at any time tried to persuade her to sell cocaine. See Simas, 937 F.2d at 462 ("The record is devoid of any evidence that the government induced Simas to commit the crimes."); U.S. v. Fedroff, 874 F.2d 178, 185 (3d Cir.1989) (evidence of inducement sufficient where government agent "wined and dined" defendant, purchasing meals and luxury items for him). The district court properly concluded there was insufficient evidence of entrapment to warrant a jury instruction.
 
 III. SENTENCING ENTRAPMENT
 
 8
 Finally, Flores-Martinez claims her sentence should have been based only on the amount of cocaine seized in the first two sales plus the eight ounces she initially produced on July 11th because Carelle's failure to arrest her on July 11th constituted "sentencing entrapment." Courts recognizing sentencing entrapment as a possible basis for overturning a defendant's sentence have required "outrageous official conduct [that] overcomes the will of an individual predisposed only to dealing in small quantities." U.S. v. Lenfesty, 923 F.2d 1293, 1300 (8th Cir.1991). Assuming a sentence can be overturned because of "sentencing entrapment,"[1] Flores-Martinez's claim nevertheless fails. She presented no evidence that her will was "overcome" by Carelle. Further, the district court found 1) she was "predisposed" to obtain the kilo of cocaine when Carelle requested it and 2) the motive for delaying the arrest was to seize as much cocaine as possible and not to enhance her sentence. These findings are not clearly erroneous. U.S. v. Gavilan, 966 F.2d 530 (9th Cir.1992) (factual findings in sentencing phase reviewed for clear error).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not restate them here
 
 
 [1]
 We do not decide here whether the sentencing entrapment argument should be recognized in this circuit