42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David LUDDEN, Defendant-Appellant.
 No. 94-30023.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 14, 1994.
 
 1
 Before: WRIGHT, BEEZER, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 David Ludden appeals both his conviction and sentence under the Sentencing Guidelines for possession of an unregistered destructive device in violation of 26 U.S.C. Secs. 5841, 5861(d), and 5871. We affirm.
 
 DISCUSSION
 
 4
 1. Ludden's argument that there was insufficient evidence to support his conviction fails. There is sufficient evidence to support a conviction if, "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (internal quotations and citation omitted).
 
 
 5
 To establish a violation of 26 U.S.C. Sec. 5861(d) the government must prove beyond a reasonable doubt: (1) that the defendant knowingly possessed a destructive device; and (2) that the destructive device was not registered in the National Firearms Registration and Transfer Record. See United States v. Simpson, 10 F.3d 645, 648 (9th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3590 (U.S. Feb. 24, 1994) (No. 93-1353). The evidence which the government presented against Ludden could lead a rational trier of fact to find the elements of the violation beyond a reasonable doubt. The government presented a certification from the Department of the Treasury that no destructive devices were registered to Ludden. The rest of the evidence--which included scientific evidence from the explosion site and testimony from witnesses who built the bomb, who saw the bomb, and who were told by Ludden that he had exploded the bomb underneath his apartment manager's car--reviewed in the light most favorable to the prosecution, was sufficient for a reasonable factfinder to find the elements of a Sec. 5861(d) violation beyond a reasonable doubt.
 
 
 6
 2. Ludden argues that the district court improperly refused what became known as his modified alibi instruction. The instruction would have informed the jury that, if they did not believe beyond a reasonable doubt that Ludden was present at the time and place of the explosion, evidence of the explosion could not be used to prove that he possessed a destructive device. This instruction did not have any basis in the law; it was an attempt to have the jury instructed on one piece of evidence in the case and to have it apply the reasonable doubt standard to that piece, rather than to the whole case. See United States v. Miller, 688 F.2d 652, 662 n. 7 (9th Cir.1982); see also United States v. Burke, 781 F.2d 1234, 1237 (7th Cir.1985); Carbo v. United States, 314 F.2d 718, 746 (9th Cir.1963), cert. denied, 377 U.S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498 (1964). The district court's denial of this incorrect instruction was not error. In addition, other instructions in their entirety adequately covered Ludden's theory of the defense: that there was insufficient evidence to connect him to the bomb. See United States v. Lopez, 885 F.2d 1428, 1434 (9th Cir.1989), cert. denied, 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990). The district court also adequately instructed the jury on its ability to judge the credibility of both defense and government witnesses. The jury was therefore capable of deciding whether Ludden possessed the bomb, given the court's complete instructions on both the elements of the offense and on the credibility of the witnesses.
 
 
 7
 3. Ludden finally complains that the district court improperly increased his sentence by four levels pursuant to United States Sentencing Guidelines Sec. 2K2.1(b)(5) (Nov. 1993). The district court increased Ludden's guideline score from a level of 20 to 24 after finding that he had committed a felony under Montana law by placing and detonating the bomb under Casiano's car. Ludden argues that the testimony placing him away from the explosion site at the time the bomb detonated breaks the connection between Ludden and the detonation of the bomb.
 
 
 8
 At sentencing, the government bears the burden of proof by a preponderance of the evidence. See United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992); United States v. Rafferty, 911 F.2d 227, 231 (9th Cir.1990). The preponderance of the evidence standard is met if a judge is convinced "by a preponderance of the evidence that the fact in question exists." Restrepo, 946 F.2d at 661 (citation omitted). The trial record was incorporated into the sentencing proceeding. The district judge properly used the preponderance of the evidence standard, and his finding that Ludden did commit a felony bombing was certainly not clear error. See United States v. Gavilan, 966 F.2d 530, 531 (9th Cir.1992). The court was not required to accept the testimony which placed Ludden away from the scene of the bombing; the district court has broad discretion to determine not only the relevance but the reliability of sentencing information. See United States v. Fernandez-Vidana, 857 F.2d 673, 675 (9th Cir.1988). The increase of Ludden's guideline score by four levels was proper.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3