67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice Martel JOHNSON, Defendant-Appellant.
 No. 94-10602.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maurice Martel Johnson appeals his 87-month sentence after entering a guilty plea to aiding and abetting armed bank robbery in violation of 18 U.S.C. Secs. 2 and 2113(a), (d). Johnson contends that the district court erred in imposing a five-level increase for brandishing, displaying, or possessing a firearm pursuant to U.S.S.G. Sec. 2B3.1(b)(2)(C). We have jurisdiction under 18 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 504 U.S. 978 (1992). The district court's factual findings are reviewed for clear error. United States v. Gavilan, 966 F.2d 530, 531 (9th Cir.1992).
 
 
 4
 Under the Sentencing Guidelines, a court may adjust the offense level upward five levels if the defendant should have reasonably foreseen that a co-defendant would use a firearm during the commission of jointly undertaken criminal activity. U.S.S.G. Sec. 1B1.3(a)(1)(B). See United States v. Lipsey, No. 94-50317, slip op. 9381, 9388 (9th Cir. Aug. 2, 1995) (codefendant's possession of gun reasonably foreseeable when defendant saw gun handed to codefendant before robbery).
 
 
 5
 Johnson contends that the district court clearly erred because no facts supported the conclusion that he possessed the firearm or could have reasonably foreseen that a firearm would be used.[1] The district court adopted the presentence report's factual findings, which related that Johnson and co-defendant Morris planned to rob an armored car facility in Fresno. In Fresno, Morris and Johnson spotted a bank employee putting bank bags into a van. Morris stopped the car and pointed a gun at the employee, while Johnson grabbed three bags from the employee. The district court found that "Johnson was aware of what was occurring and knew that there was going to be a robbery of something in this matter. And, therefore, the court feels he's responsible of the use of the gun."
 
 
 6
 The presentence report supports the conclusion that Johnson knew Morris possessed a firearm because the gun would have been visible to Johnson as he took the bank bags from the employee. In addition, the finding that Johnson planned to rob an armored car facility supports the inference that Johnson could have reasonably foreseen that Morris would use a firearm to carry out the robbery. Moreover, Johnson pled guilty to the charge of aiding and abetting armed bank robbery, "an element of which is the use of a dangerous weapon or device." Lipsey, slip op. at 9388 (guilty plea is an admission of all the elements of the criminal charge and it admits all factual allegations of the indictment) (citing United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987)); see also United States v. Dinkane, 17 F.3d 1192, 1196-97 (9th Cir.1994).
 
 
 7
 Accordingly, it was not clearly erroneous for the district court to conclude that Johnson was aware of, or could have reasonably foreseen, Morris's use of the firearm and consequently impose a five-level increase under U.S.S.G. Secs. 2B3.1(b)(2)(C) and 1B1.3(a)(1)(B). See United States v. Garcia, 909 F.2d at 1350; United States v. Willis, 899 F.2d at 875.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Johnson also argues for the first time in his reply brief that the district court failed to determine whether it was reasonably foreseeable that Morris would use a firearm. However, Johnson waived this argument by not specifically raising it in his opening brief. See United States v. Montoya, 45 F.3d 1286, 1300 (9th Cir.), petition for cert. filed, 63 U.S.L.W. 3874 (U.S. June 2, 1995) (No. 94-1967). Furthermore, the district court did not have to find that use of a firearm was reasonably foreseeable to Johnson when, as was present here, the court had sufficient facts to conclude that Johnson knew Morris had, and intended to use, a firearm during the robbery. United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990)