85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence I. PAULSEN, III, Defendant-Appellant.
 No. 95-30094.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided May 16, 1996.
 
 Before: FLETCHER, NOONAN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 Paulsen and 25 other persons were indicted in a 127-count indictment on September 21, 1994. Paulsen was charged with one count of conspiracy to distribute over 5 kilos of cocaine in violation of 21 U.S.C. § 846; three counts of distribution of cocaine and one count of possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1); and one count of the use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). A criminal forfeiture count was also filed against Paulsen's real property.
 
 
 3
 On November 16, 1994, Paulsen entered a guilty plea to conspiracy, two counts of distribution of cocaine, and possession with intent to distribute marijuana. Paulsen agreed to the forfeiture of his property in return for the government's dropping of one count of distribution of cocaine. In the presentence report, the parties stipulated that Paulsen was accountable for distributing between 15 and 50 kilos of cocaine, which either he distributed personally, or which was reasonably foreseeable to be distributed by his coconspirators. The report stated that he was part of the conspiracy from September 1990 through September 1994; that he possessed cocaine and marijuana with the intent to distribute from September 1993 through November 1993; and that he did distribute about an ounce of cocaine on October 5, 1993 and on November 26, 1993. The presentence report also stated that Paulsen's offense involved the possession of a dangerous weapon.
 
 
 4
 In computing Paulsen's sentence, the district court gave him one criminal history point for having a negligent driving conviction; one criminal history point for a conviction for resisting arrest; and two criminal history points were added for committing any part of the crime while on probation. Paulsen filed objections to the use of the negligent driving and resisting arrest convictions, but at the sentencing hearing, counsel for Paulsen only objected to the use of the negligent driving conviction. The district court found that negligent driving fell within the meaning of "careless or reckless" driving and was countable. Paulsen appeals his sentence.
 
 STANDARD OF REVIEW
 
 5
 A district court's interpretation of the sentencing guidelines is reviewed de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 504 U.S. 978 (1992). A district court's factual findings are reviewed for clear error. United States v. Gavilan, 966 F.2d 530, 531 (9th Cir.1992).
 
 ANALYSIS
 
 6
 I. THE DISTRICT COURT DID NOT ERR IN CONSIDERING PAULSEN'S NEGLIGENT DRIVING CONVICTION IN DEVISING PAULSEN'S CRIMINAL HISTORY SCORE UNDER THE SENTENCING GUIDELINES
 
 
 7
 Paulsen argues that the district court erred in calculating his criminal history score under the sentencing guidelines by including his conviction for negligent driving. Paulsen points to § 4A1.2(c)(1), Sentences Counted and Excluded, which states in relevant part:
 
 
 8
 Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days ...: Careless or reckless driving.
 
 
 9
 Section 4A1.2(c)(2) states that "Sentences for the following prior offenses and offenses similar to them are never counted: ... Minor traffic infractions (e.g., speeding)." Paulsen argues that his conviction for negligent driving, which was for driving 104 miles per hour in a 55 mile per hour zone, is not careless or reckless driving, but a minor traffic infraction, and should not be counted in his criminal history score.
 
 
 10
 Paulsen is wrong. Negligent driving in the state of Washington is a lesser included offense of reckless driving. It is defined as operating a vehicle "in such a manner as to endanger or [to] be likely to endanger any persons or property." Rev.C.Wash. § 46.61.525. This crime is a distinct crime from exceeding the speed limit, which is criminalized under a separate section. See Rev.C.Wash. § 46.61.400. Furthermore, speeding is classified as a "traffic infraction," while negligent driving is not--it is a misdemeanor. Rev.C.Wash. § 46.63.020. Thus, negligent driving appears to be more than a "minor traffic" infraction in Washington, and we conclude it is analogous to "careless driving."
 
 
 11
 Because we conclude that "negligent driving" is essentially synonymous with "careless driving" we do not need to examine the factors considered in United States v. Martinez, 905 F.2d 251, 253-54 (9th Cir.1990) to determine whether "negligent driving" is generally considered culpable conduct and thus should count toward Paulsen's criminal history score. The court found it necessary to engage in such an analysis in Martinez because there was no crime listed under § 4A1.2(c) that was analogous to or synonymous with "public indecency." See id. at 253. In this case, because the Sentencing Guidelines list "careless driving" as an offense to be included in a defendant's criminal history score we have no need to analyze the general treatment of careless or negligent driving.
 
 
 12
 Paulsen argues that his sentence should not be enhanced under § 4A1.1(d) for committing a crime while on probation for another offense (here, negligent driving) because the last overt act he is charged with committing occurred before he was on probation. However, Paulsen stipulated to the fact that he continued to be part of the conspiracy at least until the time of his arrest in August 1994. The district court's factual finding that Paulsen was engaged in the conspiracy while on probation is reviewed for clear error. Gavilan, 966 F.2d at 531. Because Paulsen did nothing to disavow the conspiracy and continued to collect drug debts, use drugs, and store weapons in his home, it was not clearly erroneous for the district court to conclude that Paulsen continued to be part of the conspiracy while on probation.
 
 
 13
 Finally, Paulsen argues that because he was on unsupervised probation for a non-jailable offense, § 4A1.1(d) of the guidelines does not apply. United States v. McCrudden, 894 F.2d 338, 339 (9th Cir.1990) (per curiam), cert. denied, 494 U.S. 1060 (1990), holds, however, that even unsupervised probation falls under this section of the guidelines, and McCrudden does not distinguish between probation for jailable and non-jailable offenses. Id. at 339. Thus, the district court did not err by enhancing Paulsen's sentence for being on probation when he committed the offense for which he was convicted.
 
 
 14
 II. THE DISTRICT COURT DID NOT ERR IN GIVING PAULSEN A 2-POINT ENHANCEMENT FOR THE POSSESSION OF A DANGEROUS WEAPON
 
 
 15
 During the search of Paulsen's home, four assault rifles, a .25 caliber handgun, and various rounds of ammunition were seized. Paulsen argues on appeal that the district court erred in giving him a 2-point enhancement for the possession of a dangerous weapon because the guns were found at his house in August 1994 and he claims the last overt act he is accused of committing occurred in November 1993. Paulsen did not object to this enhancement before the district court. Objections to sentencing not raised before the district court are generally not appealable. United States v. Valentino, 19 F.3d 463, 464 (9th Cir.1994) (defendant did not object to grouping of offenses in his plea agreement and therefore the issue was not appealable). Issues raised for the first time on appeal will not be reviewed except 1) to prevent a miscarriage of justice; 2) the new issue arose because of a change in the law; or 3) the issue is a purely legal one that does not depend on the factual record. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 506 U.S. 890 (1992). Paulsen argues the district court's enhancement should be reviewed to prevent a miscarriage of justice.
 
 
 16
 No such miscarriage occurred here. A sentence enhancement is proper if a defendant possessed the weapon during the commission of the offense. United States v. Kyllo, 37 F.3d 526, 531 (9th Cir.1994). "[P]ossessed during the commission of an offense" refers to the "entire course of criminal conduct, not only the offense of conviction." United States v. Stewart, 926 F.2d 899, 901 (9th Cir.1991). Because Paulsen was part of a conspiracy, his participation was not limited temporally to the overt acts of selling in which he engaged in November. The sentencing report indicates that he continued to collect drug debts for several months and was still a part of the conspiracy when he was arrested in August. Thus, it was not clear error for the district court to conclude that Paulsen possessed a dangerous weapon during the commission of an offense. See Stewart, 926 F.2d at 901-02 (upholding sentence enhancement where defendant who was convicted of a conspiracy to distribute drugs possessed a weapon at his home even though the overt crimes were committed 15 miles away because there was no indication that the conspiracy was limited only to that site).
 
 
 17
 III. THE DISTRICT COURT DID NOT VIOLATE THE MANDATES OF THE SENTENCING REFORM ACT BY SENTENCING PAULSEN TO A LONGER SENTENCE THAN HIS COCONSPIRATORS RECEIVED
 
 
 18
 Paulsen contends that the district court erred in sentencing him because his sentence is much greater than the sentences his coconspirators received. Paulsen's contention is not persuasive. "A sentencing judge is under no obligation to equalize sentences among coconspirators or codefendants." United States v. Kohl, 972 F.2d 294, 300 (9th Cir.1992). Indeed, a decision not to depart downward in order to equalize sentences is within the discretion of a sentencing judge and is not subject to review by an appellate court. Id.
 
 
 19
 Paulsen also argues that his sentence should be vacated because the district court failed to state in open court its reasons for imposing a sentence within the guidelines. While the court did fail to state in open court its reasons for the sentence it imposed on Paulsen, that error was harmless. The court gave Paulsen the shortest sentence it could give him within the guideline range, and thus its silence did not affect Paulsen's sentence. See United States v. Mejia, 953 F.2d 461, 467 (9th Cir.1991) (holding that district court's failure to allow defendant to speak on his own behalf at sentencing was harmless error because defendant was sentenced to the lowest sentence under the guidelines), cert. denied, 504 U.S. 926 (1992).
 
 CONCLUSION
 
 20
 We AFFIRM the district court's computation of Paulsen's sentence.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3