**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Phillip RODRIGUEZ, Jr., Defendant— Appellant.**

**No. 06–30599.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2007.

Filed June 6, 2007.

Thomas J. Hanlon, Esq., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., FPDWA–Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Phillip Rodriguez, Jr. ("Rodriguez") appeals two sentencing decisions by the district court. We affirm.

First, we hold that the district court did not err in applying a four-level enhance-

---

* This disposition is not appropriate for publica-

tion and is not precedent except as provided

ment under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2005) for "possession of a firearm in connection with another felony offense." *See United States v. Polanco,* 93 F.3d 555, 566–67 (9th Cir. 1996). Two rifles and shotgun, along with ammunition for both rifles, were found in the bedroom where Rodriguez had distributed cocaine. Law enforcement agents found, in that same bedroom, a digital scale with cocaine residue on several prior occasions. *See United States v. Krouse,* 370 F.3d 965, 968 (9th Cir.2004) (upholding conviction under 18 U.S.C. § 924(c) when five firearms were found in the same room where drug trafficking operation occurred); *see also United States v. Routon,* 25 F.3d 815 (9th Cir.1994) (holding that 18 U.S.C. § 924(c) "is an appropriate guide for interpreting section 2K2.1(b)(5)"). The evidence submitted by the government "permits an inference that [the firearms] facilitated or potentially facilitated—*i.e.,* had some potential emboldening role—in [Rodriguez]'s felonious conduct." *See Polanco,* 93 F.3d at 566–67.

Second, we hold that the district court did not err in refusing to apply a sentencing reduction under U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) (2005) for possession of firearms "solely for lawful sporting purposes." Rodriguez failed to "prove that he is entitled to [the] reduction by a preponderance of the evidence." *See United States v. Gavilan,* 966 F.2d 530, 531–32 (9th Cir.1992) (holding that § 2K2.1(b)(2) reduction does not apply when any purpose for possessing the firearms is unlawful).

**AFFIRMED.**