

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30196 |
| Plaintiff - Appellee, | D.C. No. 6:12-cr-00428-AA-1 |
| v. | |
| WILLARD BRYAN WILHELM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted June 5, 2014[**]
Seattle, Washington

Before: GOODWIN, McKEOWN, and WATFORD, Circuit Judges.

Willard Bryan Wilhelm appeals his 30-month prison sentence for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(9). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err by declining to apply a sentencing reduction under U.S. Sentencing Guidelines Manual § 2K2.1(b)(2). That section provides for a reduction of a defendant's offense level to six "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) (2012). To determine whether § 2K2.1(b)(2) applies, sentencing courts consider the "[r]elevant surrounding circumstances," which "include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history . . . , and the extent to which possession was restricted by local law." U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) cmt. n.6 (2012).

Consistent with § 2K2.1(b)(2) and its accompanying commentary, the district court considered "all the[] circumstances" and correctly determined that Wilhelm did not show that he possessed his rifle solely for lawful sporting purposes or collection because, on the date of his underlying offense, he held "the rifle with the stated intent of harming another person." Contrary to Wilhelm's contention, the district court's sentencing determination was not "based on clearly erroneous facts," *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en

banc), and Wilhelm failed to establish that he was entitled to a sentencing reduction under § 2K2.1(b)(2) by a preponderance of the evidence. *See United States v. Gavilan*, 966 F.2d 530, 531–32 (9th Cir. 1992) (citing *United States v. Uzelac*, 921 F.2d 204, 205 (9th Cir. 1990)).

**AFFIRMED.**